98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. WRIGHT, Plaintiff-Appellant,
v.
Chase RIVELAND; Neal Brown; Keith Shouvillier; Mark
Crewson, Defendants-Appellees.
 No. 95-35710.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul A. Wright appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 civil rights action alleging that the defendants violated his constitutional rights by retaliating against him for filing an inmate grievance. Wright also challenges the district court's award of costs to the defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Wright contends that the district court erred by granting summary judgment for the defendants because a triable issue exists as to whether defendant Crewson issued an infraction against Wright for filing a legitimate inmate grievance. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 5
 In order to establish a claim for retaliation, Wright must show that the defendants retaliated against him for exercising his constitutional rights and that the retaliatory action does not advance legitimate goals of the correctional institution. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 6
 Here, Wright alleged in his complaint that Crewson retaliated against Wright by issuing an infraction against him for filing an inmate grievance.
 
 
 7
 In support of their motion for summary judgment, the defendants submitted evidence showing (1) that Wright was charged with filing a "malicious grievance,"[1] (2) that a disciplinary committee found Wright guilty of filing a "malicious grievance," and (3) that Wright was sentenced to five days in isolation as a result. The defendants also submitted an affidavit from a member of the disciplinary committee who stated that the committee found Wright guilty of filing a malicious grievance based upon the evidence presented at the hearing.
 
 
 8
 In support of his opposition, Wright submitted the declarations of two inmates which stated (1) that Crewson admitted that he had charged Wright and (2) that Crewson's professed goal as the new "grievance coordinator" was to reduce the number of inmate grievances. These declarations, however, failed to raise a triable issue as to whether Crewson issued the infraction because Wright had exercised his constitutional rights. See Barnett, 31 F.3d at 816. Moreover, Wright failed to submit any evidence establishing a triable issue as to whether the alleged retaliatory action failed to advance legitimate penological goals of the prison. See id. In the absence of such evidence, the district court properly granted summary judgment for Crewson. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (where a party fails to make a showing sufficient to establish the existence of an essential element to that party's action, summary judgment shall be granted); Barnett, 31 F.3d at 816 (plaintiff must show that the defendant's alleged retaliatory action failed to advance legitimate penological goals of the correctional institution).
 
 
 9
 Additionally, Wright failed to submit any evidence establishing a genuine issue of material fact as to whether the remaining defendants violated his constitutional rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Accordingly, the district court properly granted summary judgment for these defendants.[2] See Celotex Corp., 477 U.S. at 322; Johnson, 588 F.2d at 743.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the Department of Corrections Grievance Policy and Procedures Manual, a "malicious grievance" is defined as "[a] complaint or grievance in which the grievant attempts or causes an innocent person to be penalized or proceeded against by lying to a staff member." Here, Wright was charged and found guilty of lying in his grievance by claiming that a mail clerk refused to issue a receipt to him for a check that Wright received in the mail. It is undisputed that at the time Wright filed his grievance he had already received a receipt for his check
 
 
 [2]
 We cannot say that the district court abused its discretion by awarding costs to the defendants as prevailing parties under Fed.R.Civ.P. 54(d). See Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 486 (9th Cir.1983)
 
 
 [3]
 Because our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal
 Wright's motion for sanctions under Fed.R.Civ.P. 11 is denied.